(Superior Court of Cincinnati—Special Term.)

THOMAS J. HALL v. THE UNION PAVING COMPANY.

1. The acceptance of a promissory note of the debtor by the creditor for a precedent simple contract debt, upon an express agreement to receive the same in full satisfaction and as an absolute payment, will extinguish the pre-existing debt.
2. The question of such agreement is one of fact to be determined by the jury, and the burden of proof rests upon the party asserting the agreement.

(Decided June 27, 1895.)

HUNT, J.

This case comes before the court on motion for judgment on the pleadings.

The petition alleges that the defendant is a corporation duly organized under the laws of Ohio; that in the months of October, November and December, 1894, the plaintiff, at the request of the defendant, freighted a large quantity of brick from Middleport, Ohio, to Louisville, Kentucky, for which the defendant agreed to pay plaintiff fifty cents per ton; that plaintiff freighted brick accordingly to the amount of two thousand and twenty-five dollars ($2,025), including the sum of one hundred dollars ($100) agreed upon between the parties for unloading at Louisville, for which the plaintiff prays judgment, with interest from January 1, 1895.

The answer admits the corporate capacity of the defendant, and that the plaintiff freighted a large quantity of brick from Middleport, Ohio, to Louisville, Kentucky, under the agreement stated in the petition. The answer denies the allegation as to non-payment, and avers that the plaintiff received and accepted certain promissory notes for the full amount involved, in full satisfaction of the claim. It is further averred that the defendant has no knowledge as to the disposition of the promissory notes, and that the account has been settled by the promissory notes as set out in the answer.

The reply admits that the plaintiff received from the defendant certain acceptances for the full amount sued for in the petition; that the acceptances were those of the defendant by its general manager, and were given for the claim set up in the petition; that said notes were accepted in full settlement of the claim sued for if paid at maturity, but were not accepted as a final and absolute settlement in payment thereof; that the acceptances are still held by the plaintiff, and are long past due and unpaid; that the plaintiff offers to surrender the acceptances, and now tenders them in open court; that the answer is filed merely for delay, and that an application for a receiver is now pending.

It is the contention of the plaintiff that the acceptances were given for a precedent simple contract and demand, and do not operate as a payment so as to preclude the creditor from maintaining an action on the original consideration. This, it is contended, is the case, even though given under an express agreement that the acceptances were to be received in full satisfaction and discharge of the original indebtness.

The case of Cole v. Sackett et al, 1 Hill 516, is cited, and the opinion of Cowen, J., is quoted to the effect that the creditor may, notwithstanding, recover on the original consideration, surrendering or cancelling the note at trial. The court holds that "the note is a mere liquidation of the demand; and it being the duty of the debtor, then, to liquidate and secure the demand—nay, to do more—it follows that an acceptance, or even an express agreement to accept in consideration of such a short-coming, is a *nudum pactum.*" Parrot v. Colby, 6 Hun, 55, also sustains this view of the law.

It is a general rule that a promissory note given for an existing indebtness is evidence merely of the debt, and is not the debt itself, and if not itself paid does not constitute payment. The effect of such a note is merely to extend the time of payment until the note becomes due. If the note be not then paid, the creditor may sue upon the original demand; but he must be able to produce the note for cancellation or show its loss or destruction at the time of the trial.

The rule, however, in this state will not support the claim of the plaintiff. It may be accepted as the law that where a promissory note is

received by the creditor under an express agreement to accept it as an absolute payment, it will operate as an extinguishment of the demand for which it was taken.

McNaughten v. Partridge, 11 Ohio, 223, declares the rule in simple contracts to be well settled that to give a note or other security for a prior engagement is no discharge of the original agreement unless the latter be paid; or, unless it was the understanding of the parties that the latter should extinguish the former. The rule, of course, was different when a bond or sealed instrument was taken for a simple contract debt.

Thurman, C. J., in Merrick v. Boury & Sons, 4 Ohio St., 60, says that nearly all the cases concur in holding that it is only by force of an agreement of the parties that the giving of an unsealed note by the debtor will be a payment. In such a case the burden of proof is upon the debtor, who must establish the agreement clearly, and the question whether there was such an agreement is one of fact to be determined by the jury. This case was approved in Leach v. Church, administrator, 15 Ohio St. 169. See also 18 Am. & Eng. Enc. of Law, page 167. and cases there cited.

We take the law to be that the acceptance of a promissory note of the debtor by the creditor for a precedent debt, upon an express agreement to receive the same in full satisfaction and as an absolute payment, will extinguish the pre-existing debt. The question of such agreement is one of fact to be determined by the jury, and the burden of proof rests upon the party asserting the agreement.

The motion is overruled.

Stephens, Lincoln & Smith, for the motion.

Wm E. Bundy, *contra*.